United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50394
Conference Calendar

_____

ANDREW D. MCGREW, JR.,

                                    Plaintiff-Appellant,

versus

MONAHANS MUNICIPAL COURT; CITY OF MONAHANS,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:05-CV-54
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Andrew D. McGrew, Jr., Texas prisoner # 1317843, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied McGrew's IFP motion and certified that the appeal was not taken in good faith. By moving for IFP, McGrew is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

        McGrew asserts that he was denied his due process rights by the Monahans Municipal Court because he was prosecuted for driving with a suspended license. He also contends that the City

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Monahans should be held liable for the actions of its court. McGrew has not shown that the district court's determination that his appeal would be frivolous was incorrect. He has failed to brief a challenge to the basis for the district court's denial of IFP, and any such argument is not preserved. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). The instant appeal is without arguable merit and is thus frivolous. Accordingly, McGrew's request for IFP status is denied, and his appeal is dismissed. See Howard v. King, 707 F.2d 215, 219-220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of McGrew's 42 U.S.C. § 1983 suit by the district court pursuant to 28 U.S.C. § 1915(e)(2)(B) and our dismissal of this appeal as frivolous both count as strikes under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). McGrew has one prior strike. McGrew v. Orona, No. 7:04-CV-156-RAJ (W.D. Tex. Dec. 9, 2004). Because McGrew has accumulated at least three strikes under § 1915(g), he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.