**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50279
Summary Calendar

ANDREW D. MCGREW, JR.,

                            Plaintiff-Appellant,

versus

CRUM, Etc.; ET AL.,

                            Defendants,

CRUM, Officer, Texas Department of Public Safety,

                            Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:05-CV-20
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:*

    Andrew D. McGrew, Jr., Texas prisoner # 1317843, moves for
leave to proceed in forma pauperis (IFP) following the district
court's order denying IFP and certifying that his appeal is not
taken in good faith.  The district court had granted summary
judgment in favor of defendant Richard Crum on McGrew's 42 U.S.C.
§ 1983 complaint and dismissed the case as frivolous or for
failure to state a claim.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McGrew argues that the district court erred in concluding that Crum had probable cause to arrest him for driving with a suspended license. He maintains that the district court granted summary judgment despite the existence of disputed issues of fact regarding McGrew's possession of a valid out-of-state license and Crum's knowledge that McGrew's Texas license had been surrendered before the State had revoked it. McGrew's "appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983)(citation omitted). Thus, McGrew is entitled to proceed IFP on appeal.

This court may, however, address the merits of McGrew's claims at the same time as resolving the IFP issue if it is expedient. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). McGrew cannot show that Crum lacked probable cause to support the arrest or detention of McGrew. See Beck v. Ohio, 379 U.S. 89, 91 (1964); Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001). Thus, with respect to any claims against Crum in his individual capacity, McGrew has failed to show that his actions were "objectively [un]reasonable in light of legal rules clearly established at the time of the incident." Jones v. City of Jackson, 203 F.3d 875, 879 (5th Cir. 2000)(citation and internal quotation marks omitted).

The district court dismissed any claims against Crum in his official capacity under a theory of Eleventh Amendment immunity.

McGrew has not, however, challenged this ruling on appeal, and this court need not address it.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  The judgment of the district court is thus affirmed.

After McGrew had filed the instant appeal, this court imposed the filing bar of 28 U.S.C. § 1915(g) against him because he had three strikes.  See McGrew v. Monahans Municipal Court, No. 06-50394 (5th Cir. Feb. 13, 2007)(unpublished).  McGrew is cautioned that the § 1915(g) bar remains in effect for future filings.

IFP GRANTED; AFFIRMED; SANCTION WARNING ISSUED.